Submitted on petition for rehearing November 17, former opinion filed October 28, 289 Or 909, 618 P2d 960, rehearing denied December 16, 1980

## ROSBORO LUMBER COMPANY,
*Petitioner,*

*v.*

## HEINE, et al,
*Respondents.*

### (No. 1269, SC 26669)

629 P2d 925

Richard Bryson, Eugene, for the petition. With him on the brief was Bryson and Bryson, Eugene.

Larry Jon Pound, Marion County Assistant Legal Counsel, Salem, contra.

Before Denecke, Chief Justice, and Tongue, Lent, Linde, Peterson and Tanzer, Justices.

TONGUE, J.

**TONGUE, J.**

Plaintiff petitions for rehearing of our decision in *Rosboro Lumber Co. v. Heine et al,* 289 Or 909, 618 P2d 960 (1980), in which we denied plaintiff's claim on the ground that the writ of review is an available remedy in the Oregon Tax Court and that plaintiff's failure to exercise that remedy within the procedures of ORS 34.030 precluded its use of a writ of mandamus in this case. In seeking a rehearing of this decision plaintiff contends that our decision fails to reconcile ORS 305.425, which states that proceedings in tax court are to be heard *de novo,* and Oregon case law which states that writs of review are not to be heard *de novo.*

■ ■    We deny petitioner's request for a rehearing for the reasons set forth in our previous opinion in support of the holding that the legislature intended that the writ of review be available in the tax court. In view of plaintiff's petition for rehearing, however, we note that the scope of review in a proceeding for a writ of review in the tax court is limited by the provisions of ORS 34.040. Limiting the scope of review of the tax court in such proceedings is consistent with previous holdings by this court. *See National Metallurgical Corp. v. Dept. of Rev.,* 282 Or 317, 321, 577 P2d 941 (1978), and *Martin Brothers v. Tax Commission,* 252 Or 331, 338, 449 P2d 430 (1969). It follows that in granting the tax court the availability of writs of review, the legislature must have intended an exception to the general rule requiring that proceedings in the tax court be heard *de novo.*

Petition denied.