# IN THE OREGON TAX COURT

## J. R. SIMPLOT COMPANY
*v.*
## DEPARTMENT OF REVENUE
(TC 2812)

Steven H. Corey and Timothy P. O'Rourke, Corey, Byler, Rew, Lorenzen & Hojem, Pendleton, represented plaintiff.

James C. Wallace, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Defendant's Motion To Remand granted October 23, 1989. Court ordered hearing to be conducted and order issued within 120 days.

## CARL N. BYERS, Judge.

This matter is before the court on defendant's Motion to Dismiss and, in the alternative, Motion to Remand.[1] Plaintiff appealed to the department under ORS 306.115. Defendant did not act on plaintiff's appeal. After one year with no action by defendant, plaintiff filed its complaint in this court.

■   ORS 305.560(1) anticipates that appeals to this court will be from opinions and orders issued by the Department of Revenue. *See Dennehy v. Dept. of Rev.,* 295 Or 574, 668 P2d 1210 (1983). However, plaintiff claims excuse from obtaining a department order by ORS 305.560(5), which provides in part:

> "If the department fails to notify a person appealing to the director pursuant to this chapter within 12 calendar months following the month in which the appeal is filed of its determination of the appeal, the person may treat the appeal as denied, and bring suit in the tax court by filing an original and one certified copy of a complaint against the department in the court."

In paragraph 4 of its complaint, plaintiff alleges that it filed its appeal with the department on November 25, 1987. The complaint was filed December 23, 1988, more than 12 months after the appeal to the department was filed.

Defendant counters that an appeal filed under ORS 306.115 is not "pursuant to this chapter" as specified by the statute. Defendant contends that the scope of subsection (5) of ORS 305.560 is limited to appeals which arise under ORS chapter 305. Defendant cites no cases or authorities in support of its position.

---

[1] In response to defendant's Motion to Dismiss, plaintiff, in the alternative, moved for a Writ of Mandamus. The court's ruling on defendant's motion makes plaintiff's motion moot and it is, accordingly, denied herein.

The phrase "pursuant to this chapter" is ambiguous. While some sections of ORS chapter 305 grant rights of appeal, most of the chapter deals with procedures or the manner in which appeals are to be taken. Those procedures are also referred to by appeal rights granted in other chapters, such as ORS 307.162(2), ORS 310.706, ORS 311.211(4) and ORS 311.467. These other provisions all appear to contemplate appeals in accordance with the procedures set forth in ORS chapter 305. For example, ORS 321.810(5) governs appeals of timber values to the Director of the Department of Revenue. It specifically provides that such appeals shall be "in the manner provided for appeals from orders of the county boards of equalization."

██ ██ The purpose of ORS 305.560(5) is to require the department to act on a taxpayer's petition within a limited amount of time. The legislature determined that one year was a reasonable amount of time for the department to act upon a petition.[2] There is no reason to attempt to restrict the application of this provision to only those appeal rights arising under chapter 305. Moreover, the term "pursuant to" generally means "in conformity with." 35A Words and Phrases 337 (1963), Pocket Supplement, at 76 (1989). To the extent that appeals brought under other chapters are brought in "conformity with" the procedures set forth in ORS chapter 305, they come within the ambit of that chapter. The court finds that plaintiff was entitled to treat its appeal as denied by the department and to appeal to this court. Defendant's Motion to Dismiss shall be denied.

██ In the alternative, defendant moves to remand the case to the department. Plaintiff's appeal is an "extraordinary remedy" provided by ORS 306.115. Under that statute, plaintiff seeks the exercise of defendant's supervisory powers on the basis that a "gross error" exists. As indicated in defendant's rule, this is a two-step process. OAR 150-306.115(2). The first step is a determination by defendant that the requirements for the exercise of its supervisory power have been met; i.e., that a taxpayer must demonstrate that it is "likely" that a gross error exists. OAR 150-306.115(3)(b)(A).

---

[2] The 1989 legislature reduced this time to nine months. Or Laws 1989, ch 760, § 3.

The rule provides, if the information submitted with the petition is not adequate, that the department will hold a supervisory hearing to determine if it is "likely" that a gross error exists. If the department determines that a gross error exists, it moves to the second step which is to determine the true cash value of the subject property. The hearing process and determination at the second step is the same as regular appeals to the department from the board of equalization.

Defendant argues that the court cannot instruct defendant how to exercise its discretion but only as to the fact that it must act. Defendant concludes there is "nothing for this court to review until defendant has determined whether and how to exercise its discretion."

■ The court agrees that the first determination by defendant under ORS 306.115 is discretionary. However, when defendant failed to act, ORS 305.560(5) treats its failure as if it had issued an order denying plaintiff's petition. *Pratum Co-Op Whse. v. Dept. of Rev.*, 6 OTR 130 (1975). The court's role is to determine if defendant abused its discretion in denying plaintiff's petition.

Attached to plaintiff's complaint is its petition to the director under ORS 306.115. Paragraph 4 of that petition alleges a gross error in valuation. The petition also alleges that plaintiff submitted a written appraisal of the property with the petition. These allegations conform with defendant's rule that the claim of gross error must be supported. The rule requires an appraisal report that "must be in writing, reasonably reflect the value of the property as of the assessment date at issue, and utilize the sales comparison, cost or income approach to valuation." OAR 150-306.115(3)(b)(A)(ii). On the basis of these allegations, defendant was obligated, by its own rule and the statute, to act on plaintiff's petition.

> "An abuse of discretion on the part of the administrative agency is found where the agency does not act upon the facts presented to it or fails to obtain the factual data necessary for a proper result." *Rogue River Pack. v. Dept. of Rev.*, 6 OTR 293, 301 (1976).

Defendant's failure to act was an abuse of defendant's discretion.

This brings us to the second step under ORS 306.115 which is to determine the true cash value of the property. The question is whether ORS 305.560(5) should be applied as if defendant had considered and denied plaintiff's appeal on the merits. The court does not believe so. The consistent policy throughout ORS chapter 305 is to require the administrative agency to make the initial determination. For example, ORS 305.425(3), dealing with appeals to the Tax Court from orders of the defendant, restricts the issues in the court to those raised at the administrative level.

> "If the court finds that other issues are important to a full determination of the controversy, it shall remand the whole matter to the department for further determination and the issuance of a new order * * *." ORS 305.425(3).

Likewise, ORS 305.275(4) requires taxpayers to exhaust their administrative remedies before appealing to this court. If the case is remanded for an administrative hearing on the merits and the agency makes a determination which is satisfactory to the taxpayer, the case may never have to be considered in this court. This conserves judicial resources and places the initial responsibility on the administrative agency where it belongs. The court believes that 120 days is a reasonable period to allow defendant to conduct a hearing on the merits and issue its opinion and order. Now, therefore,

IT IS HEREBY ORDERED that defendant's Motion to Dismiss and plaintiff's Motion for a Writ of Mandamus are denied and,

IT IS FURTHER ORDERED that defendant's Motion to Remand is granted. Judgment will be entered remanding this case to the department for a hearing on the merits. The department shall conduct a hearing and issue its order not later than 120 days from the date judgment is entered herein.

Costs to neither party.