# IN THE OREGON TAX COURT

## SUMMERSET VILLAGE JOINT VENTURE
*v.*
## DEPARTMENT OF REVENUE
(TC 2918)

Christopher K. Robinson, Portland, represented plaintiff.

Marilyn Harbur, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Plaintiff's Motion For Summary Judgment was granted May 11, 1990.

### CARL N. BYERS, Judge.

This matter comes before the court on cross-motions for summary judgment. The undisputed facts are that plaintiff appealed the true cash value of its property for three tax years, 1986-87 through 1988-89. Plaintiff was late in appealing the first two years. Plaintiff sought relief for those years under defendant's supervisory jurisdiction. ORS 306.115. Defendant found it had jurisdiction for the 1986-87 tax year but not for the 1987-88 tax year. Plaintiff appealed the third tax year, 1988-89, under the regular appeal procedures. As a result,

defendant conducted a hearing on the merits for the first and third years only. Based on the evidence, it reduced the value for those two years. The assessed values under defendant's Opinion and Order are:

| Tax Year | True Cash Value |
|----------|-----------------|
| 1986-87  | $ 806,430       |
| 1987-88  | 1,044,940       |
| 1988-89  | 796,186         |

Plaintiff now claims that ORS 309.115 requires the 1987-88 value be the same as the 1986-87 value. The relevant portions of ORS 309.115, enacted by the 1989 legislature, provide:

"(1) If the board of equalization, the Department of Revenue or a court enters an order correcting the true cash value of a separate assessment of property and there is no further appeal from that order, except as provided under subsection (2) of this section, the true cash value so entered shall be the true cash value entered on the assessment and tax rolls for the five assessment years next following the year for which the order is entered.

"(2) Subsection (1) of this section shall not apply to changes in value as a result of:

"* * * * *

"(h) Orders as a result of appeals for subsequent years."

Plaintiff contends that unless one of the conditions in subsection (2) applies, the freeze on the property's value must carry over for the five years specified. In this case, since the department set the value for the 1986-87 year at $806,430, plaintiff claims that value should carry over to the 1987-88 tax year.

Defendant makes several arguments in opposition to plaintiff's position. The court fails to discern merit in any of them. Defendant argues that paragraph (h) of subsection (2) applies because the department issued an order pertaining to the 1987-88 tax year. However, that order did not change the value of the property. It merely denied supervisory jurisdiction by the department.

ORS 309.115 deals with orders of two different periods. Those in the first period correct the true cash value of property either by increasing or decreasing the value. ORS

309.115(1). The value established by those orders continues on the assessment rolls for the next five years unless certain specified *changes in value* occur. Orders of the second period are "as a result of appeals for subsequent years." ORS 309.115(2)(h). Orders of the second period will not affect the frozen value unless they specifically order a change in value. If an order does not change value, then the "freeze" continues.

■ Defendant also argues that ORS 309.115 should not apply to orders correcting true cash value under ORS 306.115. Appeals under ORS 306.115 partake of an extraordinary relief process. Such appeals can take place after the regular appeals and could result in incongruities. For example, a decision in a regular appeal might affirm the assessed value for 1983. A supervisory order could be issued later reducing the value for 1982. Under the terms of ORS 309.115, the reduced 1982 value would carry over to 1983 because it was only affirmed in the regular appeal process.

■ Defendant may be correct, applying ORS 309.115 to appeals brought under ORS 306.115 could result in incongruous results. However, that is not the case here. To the contrary, here we have incongruous results unless ORS 309.115 is applied. Further, defendant is unable to point to any language in ORS 309.115 limiting it to orders issued under the regular appeal procedures.

Finally, defendant argues that the legislation was rushed and does not fit neatly into the statutory administrative scheme. That may be. Nevertheless, the court must declare what the legislature intended with the words of the statute. If that intent fails adequately to consider the effects on the statutory scheme, the responsibility for repair lies with the legislature. Now, therefore,

IT IS ORDERED that defendant's Motion For Summary Judgment be, and hereby is, denied; and

IT IS FURTHER ORDERED that plaintiff's Motion For Summary Judgment be, and hereby is, granted.

Plaintiff to recover costs.