I. INTRODUCTION
This case comes before the court on cross motions for summary judgment.
 II. FACTS
Plaintiff (taxpayer) owns a wood chip processing plant and the property on which it is located (together, the property) in Linn County (the county). Due to a steady decline in the wood chip industry since 1995, taxpayer appealed the assessed value of the property for tax year 1999-2000, as stated in the roll, to the county Board of Property Tax Appeals (BOPTA). BOPTA reduced the roll value of the property substantially. Defendant (the department) then appealed that decision to the Magistrate Division of this court, which increased the roll value somewhat over the BOPTA value, but still found it to be much lower than the original roll value. The decision of the Magistrate Division was issued in 2002.
Having hoped for a more favorable decision from the Magistrate Division, taxpayer did not file timely BOPTA appeals regarding the assessed value of the property for tax years 2000-2001 or 2001-02. Instead, taxpayer filed a petition with the department in February 2003, asking it to exercise its supervisory power to correct errors on the roll, as granted by ORS 306.115.[1]
Under the department's administrative rules, it may hold a substantive hearing on the merits of an *Page 105 
ORS 306.115 petition only when it first determines that it has the authority to do so under that statute. OAR 150-306.115(2).[2] Accordingly, the department held a supervisory conference on September 25, 2003, to make that determination. Following the supervisory conference, the department declined to review the merits of taxpayer's petition. Taxpayer appealed that decision to the Magistrate Division of this court, which affirmed. This appeal ensued. Taxpayer asserts that the department abused its discretion in denying taxpayer a hearing on the merits of its petition, although taxpayer limits its claim to tax year 2001-02. The department denies taxpayer's assertion.
 III. ISSUE
Did the department abuse its discretion under ORS 306.115 in denying taxpayer a hearing on the merits of its petition?
 IV. ANALYSIS
1-3. The workings of ORS 306.115 and OAR 150-306.115 have been thoroughly discussed in ADC Kentrox v. Dept. of Rev., 19 OTR 91
(2006). The parties' arguments make clear that the only rule applicable to this case is OAR 150-306.115(3)(b)(A), which states, in pertinent part:
 "The substantive issue in a petition will be considered under ORS 306.115(3) when:
 "* * * * *
 "(ii) The parties to the petition agree to facts which indicate that it is likely that an error exists on the roll." *Page 106 
That rule is unambiguous. Where the parties agree on facts indicating a likely error on the roll, the department must proceed to a hearing on the merits. McGill v. Dept. of Rev.,14 OTR 40 (1996). The question in this case, then, is whether the parties agreed to facts indicating a likely error on the roll. In answering that question, the court's review is limited to determining, based solely on the evidence presented to the department at the supervisory conference, whether the department abused its discretion in finding that the parties did not agree to facts indicating a likely error on the roll. ADC Kentrox,19 OTR at 99-100.
Four people were present at the supervisory conference in this case: the conference officer; taxpayer's President, Brent Walker; and representatives from the department and county. The parties agreed to a handful of pertinent facts. First, they agreed that "the chip business was in decline and that petitioner's production was reduced." However, the conference officer determined that that fact did not indicate likely error as to tax year 2000-2001 both because "substantial economic obsolescence reductions" had already been made in the prior proceedings before BOPTA and the Magistrate Division, and because "the property and economic circumstances in 2000 were about the same as in 1999."
Additionally, the conference officer determined that there was agreement among the parties that taxpayer's plant was "close to shutting down" during tax year 2001-02. However, the conference officer found no agreement on an exact date for that occurrence: taxpayer believed that it was either in late 2000 or early 2001 while the department believed that it was definitely in early 2001. See Eyler v. Dept. of Rev., 14 OTR 160 (1997) (holding that the department may find under OAR 150-306.115(3)(b)(A)(ii) that there was no agreement on facts unless there was clear, actual agreement). To understand the significance of that disagreement, it is necessary to describe another fact to which the parties agreed: that an agent of the department had "proposed a settlement that would have reduced the 2001 value." At some point, Walker had participated in discussions with Vicki Palmer, an appraiser in the department's Valuation Section. Walker testified that he and Palmer had agreed to reduce the roll value of the property for tax year 2001-02 by approximately 50% *Page 107 
from the stated roll value for that year, which the department had already reduced by 30% to account for the declining production.[3] Palmer prepared a stipulation formalizing the reduction, which Walker signed. The stipulation also contained spaces for appropriate representatives of the department and county to sign. However, neither those representatives nor anyone else ever signed the stipulation; instead, the representatives repudiated it. Walker testified at the supervisory conference that he felt blind-sided by that repudiation. The department's representative at the conference[4] contended that the stipulation was merely an offer and not an opinion of value.
At some point before the conference officer rendered his decision regarding the supervisory conference, he sent Palmer a questionnaire asking for her interpretation of the occurrences.[5] As stated in the conference officer's decision, Palmer's interpretation was
 "that she had proposed a value reduction for 2001 because the subject plant was shut down for the entire year. The testimony indicates, though, that the plant may have run a short time in 2001, and that additional economic obsolescence had already been allowed. It appears that her proposed adjustment may not have been justified."
Accordingly, the department did not find "agreement to any facts that indicate an assessment error is likely."
4, 5. Before this court, taxpayer argues that the department abused its discretion in denying it a hearing on the merits because Walker and Palmer had agreed on a significant reduction of the roll value. The department responds that, because the appropriate representatives of the department and county failed to sign the stipulation, there was no agreement, and accordingly, no likely error. Both parties misstate the appropriate standard. "The question is not whether the *Page 108 
assessor agrees there may be an error on the roll. The question is whether the assessor agrees to facts." McGill, 14 OTR at 43;see also Ohio State Life Ins. Co. v. Dept. of Rev., 12 OTR 423,426 (1993).[6] Here, the parties agreed that an agent of the department had at least proposed a 50% (and more than $350,000) reduction in the roll value of taxpayer's property. For purposes of OAR 150-306.115(3)(b)(A)(ii), it is irrelevant whether the stipulation enforcing that proposal was signed by all parties or not; the question is whether the fact that the proposal was made indicates "that it is likely an error exists on the roll." Ohio State Life, 12 OTR at 426. Given the discretionary nature of the department's power under ORS 306.115, this court's review of such a determination is limited to deciding whether the department acted "capriciously or arrived at a conclusion which was clearly wrong." ADC Kentrox,19 OTR at 94 (citing Resolution Trust Corp. v. Dept. of Rev., 13 OTR 276,279 (1995)).
6. The department argues that the fact that Palmer proposed a reduced roll value does not indicate a likely error because Palmer made the proposal on the assumption that taxpayer's plant was shut down in late 2000 when, instead, as was first indicated at the supervisory conference and as the department found, it was shut down in early 2001. The problem with that approach is that it goes beyond the question presented. The question is the limited one of whether there are agreed upon facts that indicate a likely error on the roll. If there is such an indication, the proper process is to hold a hearing on the substantive issues. The department was "clearly wrong" in concluding that the agreed upon fact of Palmer's proposed stipulation did not indicate a likely error on the roll. Especially considering the size of the proposed reduction, the proposal did, indeed, indicate a likely error. The court therefore holds that the department abused its discretion under ORS 306.115 in denying taxpayer a hearing on the merits of its petition. Accordingly, because "[t]he parties to the petition agree[d] to facts which indicate that it is likely that an error exists on the roll," OAR 150-306.115(3)(b)(A)(ii), "[t]he substantive issue in [the] *Page 109 
petition will be considered" by the department. OAR 150.306.115(3)(b)(A) (emphasis added).[7]
 V. CONCLUSION
The court concludes that the department abused its discretion under ORS 306.115 in denying taxpayer a hearing on the merits of its petition. Now, therefore,
IT IS ORDERED that Plaintiff's Motion for Summary Judgment is granted; and
IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is denied; and
IT IS FURTHER ORDERED that Defendant shall hold a hearing on the merits of Plaintiff's petition.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2001 edition.
[2] All references to the Oregon Administrative Rules (OAR) are to the 2003 edition. Although neither party raises the issue, the court notes that the current edition of the OAR applies to "all periods open to examination," OAR 150-305.100-(B), and thus normally would be the applicable edition. See WilsonvilleHeights Assoc., Ltd. v. Dept. of Rev., 339 Or 462, 470 n 8,122 P3d 499 (2005) (referring to the current edition of the OAR based on OAR 150-305.100-(B)). That is important because the department amended the rule relevant to this case, OAR 150-306.115, in 2003, after having held the supervisory conference on taxpayer's petition. However, where, as here, the court's review is for abuse of discretion, the version of the relevant rule that was in effect at the time of the department's decision is the applicable version, even where, as here, the amended version is not materially different from the former version. Compare OAR 150-306.115(3)(b)(A)(ii) (2003) with OAR 150-306.115(4)(b)(A) (2006).
[3] The department's proposed roll value for taxpayer's property for tax year 2001-02, given the 30% reduction, was $707,790. Palmer's proposed roll value was approximately $352,920.
[4] It is not clear from the record whether that representative was the same person Palmer intended to have sign the stipulation, or another person.
[5] As noted above, Palmer was not present at the supervisory conference.
[6] The court notes that plaintiff has indicated that it is not arguing that the department is estopped or bound by the stipulation.
[7] The court expresses no opinion as to what might happen at the merits hearing. See State ex rel D.R. Johnson Lumber Co. v.Dept. of Rev., 14 OTR 186, 193 (1997) ("Of necessity, new or additional information may cause the department to change its position."). Of course, because the current edition of the OAR applies to "all periods open to examination," OAR 150-305.100-(B), the department must apply that edition to this case at the merits hearing. *Page 110