I. INTRODUCTION
This case comes before the court on cross motions for partial summary judgment.
 II. FACTS
Plaintiff (taxpayer) owns certain property located in Washington County (the county). For the 1999-2000 tax year, the property was assessed as having a real market value of $24,443,770. Taxpayer did not file a timely appeal with the county Board of Property Tax Appeals (BOPTA). Instead, taxpayer subsequently filed a petition with Defendant (the department), asking it to exercise its supervisory power to correct errors in the rolls, as granted by ORS 306.115.[1] Under the department's administrative rules, it may hold a substantive hearing on the merits of an ORS 306.115 petition only when it first determines that it has the authority to do so under that statute. OAR 150-306.115(2).[2] Accordingly, the *Page 93 
department held a supervisory conference to make that determination on October 31, 2001. Following the supervisory conference, the department determined that it lacked authority to review the merits of taxpayer's petition. Taxpayer appealed that decision to the Magistrate Division of this court, which affirmed. This appeal ensued.
As a preliminary matter in this case, the parties have filed cross motions for partial summary judgment on two crucial aspects of the court's review: the applicable standard of review and the validity of OAR 150-306.115. In the first instance, taxpayer argues that the court's review of department decisions under ORS306.115 should not be for abuse of discretion, as the court has held that it is, Resolution Trust Corp. v. Dept. of Rev.,13 OTR 276 (1995), but that it should be de novo, as taxpayer contends is contemplated by ORS 305.425. In the second instance, taxpayer argues that OAR 150-306.115(3)(b)(A)(ii) is an improper delegation of the department's authority. The department urges adherence to the court's settled precedent.
 III. ISSUES
1. What is the appropriate standard of review for department decisions under ORS 306.115?
2. Is OAR 150-306.115(3)(b)(A)(ii) valid?
 IV. ANALYSIS
A. Standard of Review
The question of the appropriate standard of review comes down to the interplay of two statutes. On the one hand, ORS 305.425(1) states: "All proceedings before the judge of the tax court shall be original, independent proceedings and shall be tried without a jury and de novo." On the other hand, ORS 306.115 states:
 "(1) * * * Among other acts or orders deemed necessary by the department in exercising its supervisory powers, the department may order the correction of clerical errors, errors in valuation or the correction of any other kind of error or omission in the assessment or tax roll as provided under subsections (2) to (4) of this section.
 "* * * * * *Page 94 
 "(3) The department may order a change or correction * * * if for the year to which the change or correction is applicable the department discovers reason to correct the roll which, in its discretion, it deems necessary to conform the roll to applicable law * * *."
Although ORS 305.425 contemplates a de novo standard of review, ORS 306.115 contemplates review for abuse of discretion. The question in this case is which of those standards is the correct one to apply.
1. In Resolution Trust, the court held that the abuse of discretion standard applies, stating that its ability to review decisions of the department under ORS 306.115 "is limited to determining whether the agency acted `capriciously or arrived at a conclusion which was clearly wrong.' Martin Bros. v. TaxCommission, 252 Or 331, [338,] 449 P2d 430 (1969). See alsoRogue River Pack. v. Dept. of Rev., 6 OTR 293 (1976)."13 OTR at 279. In Martin Bros., the Supreme Court, construing a discretionary department regulation on applications for extension of the time for filing certain documents, stated:
 "Even though the proceeding before the tax court is de novo, where the legislature has given the [department] discretion to decide whether something is reasonable, we believe the function of the court is to decide whether there has been any abuse of discretion and not to retry the original determination of the [department]."
252 Or at 338. Similarly, in Rogue River Pack., this court thoroughly analyzed the concept of discretion as it relates to the court's standard of review, and held that discretionary department decisions made under the "hardship" statute, ORS307.475, should be reviewed for abuse of discretion.6 OTR at 297-302. Those cases, and several others, should put it beyond all doubt that an abuse of discretion standard applies for discretionary decisions such as the one involved in this case, ORS 305.425 notwithstanding. See National Metallurgical Corp. v.Dept. of Rev., 282 Or 317, 321, 577 P2d 941 (1978) (holding that decisions made under the hardship statute are reviewed for abuse of discretion "even though the proceeding is denominated as `de novo.'" Rosboro Lumber Co. v. Heine, 290 Or 213, 215,629 P2d 925 (1980) (holding *Page 95 
that writs of review are to be reviewed for abuse of discretion, and recognizing such as "an exception to the general rule requiring that proceedings in the tax court be heard denovo.").
Taxpayer makes several arguments against that conclusion. First, taxpayer notes that the Supreme Court has not had occasion to rule on whether department decisions under ORS 306.115 should be reviewed for abuse of discretion. Second, taxpayer notes that neither this court nor the Supreme Court has construed ORS306.115 in light of the framework for statutory interpretation set out in PGE v. Bureau of Labor and Industries, 317 Or 606,859 P2d 1143 (1993). Third, taxpayer contends that if this court or the Supreme Court were to analyze ORS 306.115 under the PGE
framework, the result would be de novo review.
2. The court disagrees. The conflict between the broad denovo standard of review required by ORS 305.425 and the more limited abuse of discretion standard of review contemplated in ORS 306.115 is easily resolved. Under PGE, the court looks first to the text and context of the statutes; if their meaning is clear, the court's inquiry is at an end.[3]317 Or at 610-11. On the one hand, the text of ORS 305.425 clearly mandatesde novo review in all cases. See Carmichael Columbia Oil, Inc.v. Dept. of Rev., 13 OTR 97, 99-100 (1994) (discussing ORS305.425); Curtis v. Dept. of Rev., 17 OTR 414, 420 (2004) (discussing de novo review); Norpac Foods, Inc. v. Dept. ofRev., 15 OTR 331, 332-33 (2001) (same). On the other hand, the text of ORS 306.115 clearly describes a discretionary decision subject to review for abuse of discretion. See ResolutionTrust, 13 OTR at 278 (so stating).
Taxpayer attempts to refute the latter conclusion. First, taxpayer notes that ORS 306.115(3) states that the department may correct errors in the roll, which, "in its discretion, it deems necessary." Taxpayer then argues that the *Page 96 
"deems necessary" language, also found in ORS 306.155(1), renders the department's decisions nondiscretionary. In support of that contention, taxpayer relies on Samoth Financial Corp. v. Dept.of Rev., 8 OTR 408, 411-12 (1980), in which the court held that department orders under ORS 305.285 (providing for department correction of the rolls to conform to court decisions as the department "deems necessary") are to be reviewed de novo.
Taxpayer, however, fails to account for the absence in ORS305.285 of any express grant of discretionary decision-making power like that contained in ORS 306.115(3), which specifically states that the department's decisions are to be made "in its discretion." Additionally, Samoth was careful to note the unique nature of ORS 305.285, describing it as "an additional appellate procedure." 8 OTR at 411. In contrast, ORS 306.115
stands alone apart from any appellate procedure. Finally, to read the words "deems necessary" as overriding the words "in its discretion" would render the latter meaningless, contrary to the general assumption that "the legislature did not intend any portion of its enactments to be meaningless surplusage." Statev. Stamper, 197 Or App 413, 418, 106 P3d 172, rev den,339 Or 230, 119 P3d 790 (2005). Taxpayer's first argument is not well taken.
Second, taxpayer argues that the department abandoned its discretion in adopting OAR 150-306.115 and that, therefore, decisions made under ORS 306.115 are no longer discretionary or subject to review for abuse of discretion, but rather they are subject to de novo review for compliance with the rule. Taxpayer's attack is familiar because the court has considered and rejected it before. In Resolution Trust, the taxpayer contended "that adoption of administrative rules under ORS306.115 removes defendant's discretion." 13 OTR at 278. In that case, the court concluded that OAR 150-306.115 did not supplant the department's discretion, but rather limited that discretion in that the department "cannot act contrary to its rule" when exercising its discretion. Id. Here, taxpayer argues that an agency which the legislature has granted discretionary decision-making power must make one of two choices: "It can either exercise that discretion on a case by case basis or it can exercise that discretion by adopting administrative rules setting out policies and standards." *Page 97 
Taxpayer cites Rogue River Pack. for the principle that "the term `discretion' denotes the absence of a hard and fast rule; indeed, establishment of a clearly defined rule ends discretion."6 OTR at 300.
3. Taxpayer misreads Rogue River Pack.; the statement in that case is merely a different way of phrasing the principle ofResolution Trust. A "hard and fast rule" is one, for instance, requiring appeals of property taxes to be filed with BOPTA by December 31. ORS 309.100(2). In such an instance, there is no discretion. Another hard and fast rule can be found in ORS306.115(3), where it provides that the department may only correct the rolls "for the current tax year and for either of the two years immediately preceding the current tax year." The department may not correct the rolls for any other tax year under ORS 306.115(3), regardless whether it discovers errors in the roll or not. In contrast, ORS 306.115 contains such no such hard and fast rule regarding the department's discretionary decision that a correction is or is not necessary to correct the rolls.
4. Adoption of OAR 150-306.115 did not end the department's discretion in that regard. Rather, it cabined it, such that the department must, for instance, hold a hearing on the merits of an ORS 306.115 petition when "[t]he parties to the appeal agree to facts which indicate it is likely that an error exists on the roll," OAR 150-306.115(3)(b)(A)(ii). McGill v. Dept. of Rev.,14 OTR 40 (1996) (faulting the department for failure to comply with OAR 150-306.115(3)(b)(A)(ii)); see also Thomas Creek Lumber Log Co. v. Dept. of Rev., 19 OTR 103 (2006) (same). Even still, the department's decision remains discretionary in that its finding that any agreement does not indicate a likely error is subject to review only for whether the department "acted `capriciously or arrived at a conclusion which was clearly wrong'" based on the evidence before the department at the time of its decision. Resolution Trust, 13 OTR at 279 (quotingMartin Bros., 252 Or at 338); see also Thomas Creek,19 OTR at 108-09 (ordering the department to hold a hearing on the merits of an ORS 306.115 petition where the department's decision was clearly wrong). Additionally, the department retains a wide degree of discretion under OAR 150-306.115(3)(b)(A)(i)(IV) to correct errors in the *Page 98 
roll when "a question of fact exists which is of interest to the department, does not fall within any other provision of ORS306.115 or this rule and does not involve an error in valuation judgment." That is certainly no hard and fast rule. The court concludes that it should now be beyond any doubt that the department's decisions under ORS 306.115 remain discretionary despite the department's adoption of OAR 150-306.115.
5. Which brings the analysis back to the irreconcilable conflict between the two kinds of review required by ORS 305.425
(de novo) and ORS 306.115 (abuse of discretion). When such conflicts exist, courts often resort to the following contextual maxim: "When a general and a particular provision are inconsistent, the latter is paramount to the former so that a particular intent controls a general intent that is inconsistent with the particular intent." ORS 174.020(2); cf. RosboroLumber, 290 Or at 215 (describing the abuse of discretion standard for writs of review as "an exception to the general rule requiring that proceedings in the tax court be heard denovo."). Accordingly, the more specific intent, here, the abuse of discretion standard contained in ORS 306.115, clearly controls the more general intent of ORS 305.425 and its de novo
standard.[4] The court must review decisions of the department under ORS 306.115 for abuse of discretion. *Page 99 
B. Validity of OAR 150-306.115(3)(b)(A)(ii)
OAR 150-306.115(3)(b)(A)(ii) states that the department must hold a hearing on the merits of an ORS 306.115 petition when "[t]he parties to the petition agree to facts indicating likely error." Taxpayer contends that, even if OAR 150-306.115 is valid generally, OAR 150-306.115(3)(b)(A)(ii) is not, because "the Department has delegated its decision making authority to one of the parties in the case." Taxpayer cites Voth v. Fisher,241 Or 590, 595, 407 P2d 848 (1965), for the proposition that "a delegated power cannot be delegated." Taxpayer fails to show, however, that the department has delegated its decision-making power. Instead, the department, in the exercise of its discretion, has adopted a rule requiring it to hold a merits hearing when it finds that the parties agree to facts indicating a likely error. That is just one of many ways in which the department might decide to hold a merits hearing. See OAR 150-306.115(3) (listing other ways). Ultimately, "it is not required that the parties agree there is an error on the roll. [OAR 150-306.115(3)(b)(A)(ii)] merely requires the parties to agree on facts. It is left to [the department] to determine whether those facts indicate that it is likely an error exists on the roll." Ohio State Life Ins. Co. v. Dept. of Rev.,12 OTR 423, 426 (1993). That statement cannot be squared with taxpayer's contention that the department has delegated its decision-making role.
Taxpayer nonetheless argues that the department has delegated its role because a county assessor can refuse to agree on any facts. See id. at 427 ("The court finds that the assessor does not have a duty to consider information submitted after the regular appeal period has expired."); id. ("The court recognizes that information may not be discovered until after the appeal period expires, as occurred here. In such cases, it is a question of the assessor's resources and discretion as to how that information will be received."); Eyler v. Dept. of Rev.,14 OTR 160, 162-63 (1997) (holding that, under OAR 150-306.115(3)(b)(A)(ii), the department may determine that "inferences and innuendos did not constitute an agreement as to the critical facts"). Taxpayer claims that in some cases the assessor has done just that, creating a situation in which the department is unable to find agreement on facts indicating likely error and, therefore, *Page 100 
must refuse to hold a merits hearing. In that way, taxpayer argues, the department has delegated to the assessor the decision-making role. After all, the department "has no duty to investigate cases outside of the information presented to it by the taxpayer." Resolution Trust, 13 OTR at 279; see also ESCOCorp. v. Dept. of Rev., 307 Or 639, 647, 772 P2d 413 (1989) (holding the same). However, as the court stated in FSLIC v.Dept. of Rev., 11 OTR 389 (1990), and repeated again in OhioState Life: "When a taxpayer petitions [the department] under ORS 306.115, it is not `appealing' in the usual sense * * *. It is helping [the department] to `discover' a reason to correct the tax roll." Ohio State Life, 12 OTR at 425 (quoting FSLIC,11 OTR at 391). If the parties do not agree on facts indicating a likely error, other avenues remain open to a taxpayer to show that an error exists. See, e.g., OAR 150-306.115(3)(b)(A)(i)(IV) (allowing error correction when "a question of fact exists which is of interest to the department"). If a taxpayer cannot do so, then the department will exercise its discretion not to hold a merits hearing. Taxpayer does not argue that the legislative and administrative choice as to process is unconstitutional, although taxpayer may not like it. In short, taxpayer's arguments are not well taken.
6, 7. That does not end this case, however. The court cannot help but note that in many of its cases dealing with ORS 306.115, including Summerset Village Joint Venture v. Dept. of Rev.,11 OTR 361 (1990), FSLIC, Ohio State Life, Resolution Trust,McGill, Eyler, and Dept. of Rev. v. Guardian Management Corp.,16 OTR 17 (2002), the taxpayers were represented by taxpayer's counsel. The court wishes to take this opportunity to make it clear once and for all, to all, that, absent reversal by the Supreme Court, this court reviews department decisions under ORS306.115 for abuse of discretion. Resolution Trust,13 OTR at 278-79. Review is not de novo. Id. The record is limited to that which was before the department when it rendered its decision. Id. at 280. That may present taxpayers with a higher hurdle in this court, yet the court's decision today in ThomasCreek, 19 OTR 103, shows that review for abuse of discretion is not without teeth, and that taxpayers do have recourse should the department abuse its discretion under ORS 306.115. See also J.R.Simplot Co. v. Dept. of Rev., 11 OTR 309 (1989) (holding that *Page 101 
the department had abused its discretion under ORS 306.115);McGill, 14 OTR at 43 (same).
8, 9. It must by now be perfectly clear that taxpayers dissatisfied with the assessed value of their property should appeal to BOPTA in the regular course. See ESCO, 307 Or at 647
("Taxpayers, not the Department, have responsibility for keeping track of their property's value."). If they fail to do so, they cannot expect relief through ORS 306.115. That statute "does not establish any appeal rights for a taxpayer," FSLIC,11 OTR at 391; it establishes "an administrative process to aid the department in carrying out its duties." Dept. of Rev. v. Oraland Maxillofacial Surgeons, 15 OTR 284, 287 (2001). Those duties include the fair, efficient, and lawful administration of state property taxation. ORS 306.115(1); ORS 306.113. When considering petitions filed under ORS 306.115, the department is not concerned with adjudicating property values as if on appeal so much as it is with overseeing the entire property tax system in this state. See FSLIC, 11 OTR at 391. To the degree that a taxpayer may obtain relief under ORS 306.115, the taxpayer stands in a position similar to that of a third-party beneficiary, receiving the benefits of the department's efforts to implement a larger scheme. In that context, as ORS 306.115 affects individual taxpayers, the legislature has provided a limited possibility of extraordinary relief for taxpayers outside of the normal appeals process. See ESCO, 307 Or at 639 (noting the "extraordinary" nature of ORS 306.115). Yet that statute is not a second bite at the apple of tax appeals for those who fail to timely file an appeal in the first instance. If it were, "extraordinary actions would become ordinary and the limits on ordinary appeals would become meaningless." Resolution Trust, 13 OTR at 278.
 V. CONCLUSION
The court concludes that the proper standard of review for department decisions under ORS 306.115 is for abuse of discretion, and that OAR 150-306.115(3)(b)(A)(ii) is valid. Now, therefore,
IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment is denied; and *Page 102 
IT IS FURTHER ORDERED that Defendant's Motion for Partial Summary Judgment is granted.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2001 edition.
[2] All references to the Oregon Administrative Rules (OAR) are to the 2001 edition. See Thomas Creek Lumber Log Co. v. Dept.of Rev., 19 OTR 103, 105 n 2 (2006).
[3] Taxpayer makes several arguments related to the legislative history behind various tax court statutes. In the PGE analysis, the court only resorts to legislative history if a statutory provision is ambiguous. Here, that is not the case, and resort to legislative history is not only unnecessary, but unwarranted.See J.R. Simplot Co. v. Dept. of Rev., 11 OTR 245, 248 (1989) (declining to examine legislative history where the text and context of a statute made its meaning clear).
[4] Taxpayer argues that those Supreme Court cases holding an abuse of discretion standard appropriate for this court in other instances are inapposite here because of the unique nature of ORS306.115, which is "characterized by the extensive rules and body of cases that are present in the supervisory power context." The court fails to see how such a character makes any difference in the proper analysis, especially given "the extensive rules and body of cases" that was present in the hardship context inNational Metallurgical Corp.
In a related vein, taxpayer also argues that those same Supreme Court cases are inapposite here because they failed to take into account the history and character of this court, and the statutes empowering it. The easy response is that those cases do not dictate this court's resolution of this case: the analysis required by PGE leads to the clear conclusion that an abuse of discretion standard of review is appropriate here without regard to those cases. However, those cases do shed light on the construction of ORS 306.115 in that they provide useful context. The principle of those cases is clear: where this court reviews discretionary judgments, its review is for abuse of discretion, ORS 305.425 notwithstanding. Nothing in this court's history, character, expertise in the field of taxation, or statutory mandate renders incorrect the decisions in Martin Bros.,National Metallurgical Corp., or Rosboro Lumber — each of which was decided in light of the existence of two specialized bodies with expertise in tax law: the department and this court. *Page 103