I. INTRODUCTION
This matter comes before the court on the Motion for Summary Judgment of Plaintiff (taxpayer) and the Cross-Motion for Summary Judgment of Defendant Department of Revenue (the department).
 II. FACTS
This appeal concerns the 1999-2000 property tax assessment of real property located in Washington County (the property) and identified as account R633078 in county records. The 1999-2000 real market value (RMV) of the property was $24,443,770 and the assessed value (AV) on the tax roll for that year was $20,211,540.
In October 2000, taxpayer sold the property to Columbia Sportswear (Columbia) for $13,000,000. Taxpayer continued to lease the property back from Columbia until June 2001. For tax year 2000-2001, the department reduced the RMV to the sale price.
Taxpayer did not timely appeal its 1999-2000 property tax assessment to the Board of Property Tax Appeals. Instead, taxpayer petitioned the department for relief pursuant to ORS306.115,[1] seeking an exercise of the department's supervisory authority to change the value of the property for the 1999-2000 tax year. Under the department's rules, it may consider the merits of an appeal under ORS 306.115 only when it has first determined that jurisdiction is proper under that statute. OAR 150-306.115.[2] The department received documents from both parties and held a supervisory conference on October 31, 2001, but in a conference decision dated December 7, 2001, that exercise of its supervisory authority would be improper under the rule and declined to hold a merits conference. Taxpayer appealed the department's decision to the Magistrate Division of this court, which affirmed. This appeal ensued. *Page 343 
 III. ISSUE
Should the department have granted taxpayer a merits conference?
 IV. ANALYSIS
1, 2. ORS 306.115[3] gives the department supervisory power to correct errors on the assessment roll. Taxpayers may bring errors to the department's attention through a petition process. The department has promulgated a rule, OAR 150-306.115, to govern that process. That rule provides, in pertinent part:
 (3) The department may correct the assessment or tax roll * * * for the current tax year, for either or both of the tax years immediately preceding the current tax year, or for any combination of such years. The requirements of * * * OAR 150-306.115(3)(b) of this rule must be met for each year at issue.
 "* * * *
 "(b) * * * the department will conform or correct the roll under ORS 306.115(3) when it finds that the facts require such an action after considering the substantive issue in a petition.
 "(A) The substantive issue in a petition will be considered under ORS 306.115(3) when:
 "* * * * *
 "(ii) The parties to the petition agree to facts which indicate it is likely that an error exists on the roll." *Page 344 
OAR 150-306.115. Taxpayer argues that, at the supervisory hearing, the parties agreed to sufficient facts — in particular, the fact of the October 2000 sale — to indicate that an error on the roll was likely. In addition, taxpayer asserts that the department used a higher standard than agreement to facts in reaching its conclusion. Finally, taxpayer claims that the fact that the department stipulated to a reduction in RMV for the subsequent tax year indicates that an error on the roll was likely pursuant to the court's holding inThomas Creek Lumber Log Co. v. Dept. of Rev.,19 OTR 103 (2006). The department asserts that, although many relevant facts were agreed on, other important facts indicative of value were not.
A. Standard of review
3-5. As a preliminary matter in this case, the parties filed cross-motions for summary judgment on the proper standard of review. ADC Kentrox I v. Dept. of Rev., 19 OTR 91
(2006). In its order on those motions, the court declined to deviate from its long-standing practice of reviewing department decisions under ORS 306.115 for abuse of discretion, holding that the case law "should put it beyond all doubt that an abuse of discretion standard applies for discretionary decisions such as the one involved in this case."[4] Id.
at 94 (citations omitted). ORS 306.115 provides for limited relief outside the process of regular appeal and has been described as an extraordinary remedy. OAR 150-306.115(2). See alsoResolution Trust Corp. v. Dept. of Rev., 13 OTR 276, 278
(1995) (holding that if the department's authority were not limited, "extraordinary actions would become ordinary and the limits on ordinary appeals would become meaningless."). "[T]he court's review is limited to determining, based solely on the evidence presented to the department at the supervisory conference, whether the department abused its discretion in finding that the parties did not agree to facts indicating a likely error on the roll." Thomas Creek, 19 OTR at 106
(citing ADC Kentrox I, 19 OTR at 99-100). Accordingly, the court will only overturn the department's ruling if "the department acted capriciously or arrived at a conclusion which was clearly wrong." ADC Kentrox I, 19 OTR at 97
(quoting Resolution Trust Corp., 13 OTR at 279
(quotation marks omitted)). *Page 345 
B. Decision as to merits hearing
6. In order to determine whether the department was clearly wrong in denying taxpayer a merits hearing, the court must first determine what kinds of facts are indicative of a property's value. Taxpayer relies heavily on the October 2000 sale of the property to support its argument. In essence, tax-payer argues that the bare facts of the sale indicate it is likely there was an error on the roll as to the value of the property on January 1, 1999.
7-9. RMV is defined as "the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's length transaction occurring as of the assessment date for the tax year." ORS 308.205(1). The Oregon Supreme Court has stated that:
 "A recent sale of the property in question is important in determining its market value. If the sale is a recent, voluntary, arm's length transaction between a buyer and seller, both of whom are knowledgeable and willing, then the sales price, while certainly not conclusive, is very persuasive of the market value."
Kem v. Dept. of Rev., 267 Or 111, 114, 514 P2d 1335
(1973) (emphases added). Accordingly, a recent sale is good, but not conclusive, evidence of value. RMV "is the amount in cash for which a property would be expected to sell * * *."Chart Development Corp. v. Dept. of Rev., 16 OTR 9, 12
(2001) (emphasis in original). "It is essentially an estimate of fair market value." Id. In addition,
 "Whether a transaction is so recent as to be persuasive of present value will depend upon the similarity of conditions affecting value at the time of the transaction and conditions affecting value at the time of the assessment. The interval between the transaction * * * and the assessment date may be so great that it can be said as a matter of law that there was a change in conditions. However, where this determination cannot be made as a matter of law, reference must be made to the underlying conditions affecting value before such evidence can be rejected."
Sabin v. Dept. of Rev., 270 Or 422, 426-27, 528 P2d 69
(1974) (emphasis added). The interval between the assessment date *Page 346 
and sale date in this case is not so great that the sale must be excluded as a matter of law; however, factors beyond the sale itself must be considered.
The conference officer found that the parties agreed the property sold in an arm's-length transaction in October 2000 for slightly more than half of the 1999 roll value, that no significant physical changes were made to the property between the sale date and the assessment date, and that use of the property did not change in the intervening time. In addition, the conference officer found that the parties agreed the property was built specifically for taxpayer's needs, but had certain physical attributes — limited parking, low ceilings, and nonstandard siding — that were undesirable for most buyers. Finally, the officer found that the parties agreed the existing roll value was determined by trending from a 1996 appraisal that used the cost approach.
The conference officer went on to note that the parties also had significant points of disagreement, one of the most significant of which was that the parties did not agree that the market conditions in the area remained unchanged between the assessment date and the sale date. The parties also disagreed as to the highest and best use of the property and as to whether the property was special use property.
10-12. The statute and case law make it clear that facts other than the sale price of a property can affect value, particularly in a situation such as this, where the sale occurred after the assessment date. The court cannot conclude that the department, in considering the sale, acted capriciously or was clearly wrong in requiring agreement as to market conditions as well as to the bare facts of the sale. A difference in the market conditions between the sale and assessment date could account for the disparity between the roll value and the sale price.
The conference officer also noted that a property's highest and best use could impact value and that the parties did not agree as to the highest and best use of the property. Taxpayer states that the parties agreed that the use on the sale date was the same as that of the assessment date and that Columbia's use of the premises is the same as that of taxpayer — research and development, manufacturing, and *Page 347 
office space. Taxpayer argues that disagreement as to highest and best use should not affect the determination on whether to hold a merits hearing. The department points out that the manufacturing, research, and development engaged in by Columbia relate to very different products than that of taxpayer, and, therefore, Columbia is not putting the property to its highest and best use. The department also asserts that the inability of the buyer to fully utilize the features of the property resulted in the lower sale price because Columbia intended to occupy the property in the near future, even though taxpayer remained in possession and continued its use of the property for a short time. Again, the court cannot conclude that requiring agreement as to highest and best use was capricious or clearly wrong. The property's value could be less in the hands of Columbia than in the hands of a company that engaged in similar activities as taxpayer. Accordingly, the court concludes that the department did not abuse its discretion in denying taxpayer a merits hearing.
Related to highest and best use is the fact of special use. Special use property is valued differently than other property, ORS 308.205(2)(c), and the fact of special use can have a substantial effect on value. It was not capricious or clearly wrong for the department to require agreement to the property's status as ordinary or special use before granting a merits hearing.
Taxpayer argues that the department impermissibly made merits determinations in the supervisory opinion when it looked outside of the bare facts of the property's sale to additional facts that may have affected the price of the property as of the sale date. Specifically, taxpayer asserts that neither the disagreement as to the highest and best use of the property nor the disagreement as to whether the property was special use should have been taken into consideration by the department. As discussed above, a recent sale is very persuasive evidence as to value, Sabin, 270 Or at 426-27, but it is not the only evidence to consider. "[R]eference must be made to the underlying conditions affecting value." Id. at 427.
Taxpayer also argues that, under the court's ruling inThomas Creek, the department should have granted taxpayer a merits hearing. In Thomas Creek, the parties agreed *Page 348 
that the department had offered to stipulate to a lower value for the tax year in question. 19 OTR at 106. The court held that the fact of the department's proposed stipulation for the tax year at issue was alone enough to indicate that an error on the roll was likely. Id. at 108. Here the department has lowered the roll value on the subject property for the 2000-2001 tax year. Taxpayer argues that the existence of the agreed-upon lower value is sufficient to indicate a likely error. UnlikeThomas Creek, however, the department here agreed to lower the value for the subsequent tax year, not the tax year at issue in the case. The lower 2000-2001 roll value is not conclusive on the question of whether an error existed on the roll for 1999-2000.
 V. CONCLUSION
The department, in making its determination, required agreement as to the property's condition and use, the sale price, and the market conditions that can affect value. The parties did not agree on the property's use or on market conditions. The court, therefore, concludes that the department did not act in a way that was capricious or clearly wrong. Accordingly, the department did not abuse its discretion in denying taxpayer a merits hearing pursuant to ORS 306.115. Now, therefore,
IT IS ORDERED that Plaintiffs Motion for Summary Judgment is denied.
IT IS FURTHER ORDERED that Defendant's Cross-Motion for Summary Judgment is granted.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2001 edition.
[2] All references to the Oregon Administrative Rules (OAR) are to the 2001 version.
[3] ORS 306.115 provides, in pertinent part:
 "(3) The department may order a change or correction applicable to a separate assessment of property to the assessment or tax roll * * * if for the year to which the change or correction is applicable the department discovers reason to correct the roll which, in its discretion, it deems necessary to conform the roll to applicable law without regard to any failure to exercise a right of appeal.
 "(4) Before ordering a change or correction to the assessment or tax roll under subsection (3) of this section, the department may determine whether any of the conditions specified in subsection (3) of this section exist in a particular case. If the department determines that one of the conditions specified does exist, the department shall hold a conference to determine whether to order a change or correction in the roll."
[4] The court also confirmed the validity of OAR 150-306.115, the department rule at issue. ADC Kentrox J,19 OTR at 99. *Page 349