IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

IRON MOUNTAIN PROPERTIES,      )
                                                      )
            Plaintiff,               )     TC-MD 110482D
                                                      )
         v.                      )
                                                     )
DEPARTMENT OF REVENUE,      )
State of Oregon,                  )
                                                      )
         Defendant.          )   **DECISION**

Plaintiff appeals Defendant Department of Revenue (Department) Conference Decision

No. 10-0010X, dated February 25, 2011.  The parties submitted cross-motions for summary

judgment.  Oral argument was held via telephone on November 7, 2011.  Valynn Currie and

Steve Gerlt appeared on behalf of Plaintiff.  James Wallace, Senior Assistant Attorney General,

appeared on behalf of Defendant.  There is no dispute of material facts.

## I.  STATEMENT OF FACTS

Plaintiff appealed the 2007-08 real market value, maximum assessed value, and assessed

value of property identified as R34224 (subject property) to the Department.  (Def's Ex A-22.)

A telephone conference was held on April 20, 2010.  (*Id.*)  In its request that the Department

exercise its supervisory review (ORS 306.115), Plaintiff relied on its stipulation of real market

value and maximum assessed value entered into with the Douglas County Assessor for tax year

2008-09.

On December 28, 2010, the Department issued its Conference Decision No. 10-0010,

concluding that there was no "agreement to any facts that indicate an assessment error is likely."

(*Id.* at 26).  Citing *ADC Kentrox v. Dept. of Rev.*, 19 OTR 340, 347-348 (2007), the Department

concluded that "the stipulated agreement to reduce the value of the property for the 2008-09 tax

year is not by itself a fact that indicates a likely error in the 2007-08 assessment." (*Id*. at 24.)

With respect to maximum assessed value, the Department concluded:

> "that the stipulated agreement for the 2008-09 tax year does not indicate a likely error in the calculation of MAV for 2007-08 because the parties did not agree as to the basis of the reduction.

> "As to whether the discrepancy in the calculation of MAV from 2007-08 to 2008-09 is of interest to the department, the department first concludes that the calculation of MAV is not a matter of valuation judgment. Therefore, that prohibition in the rule would not prevent the department from reviewing Iron Mountain's petition. However, the department cannot apply that standard to this petition because the facts in this case are specific to the subject property and will not impact the department's overall supervision of the property tax system."

(*Id*. at 25-26.)

On January 24, 2011, Plaintiff petitioned the Department for reconsideration of its Conference Decision. In its letter requesting reconsideration, Plaintiff raised three arguments: (1) "[t]he Assessor is charged by his **duty** under 308.330[1] to assess properly and was aware that the subject property was incorrectly assessed as attested to in a Mediation hearing in 2007 on another nearby parcel;" (2) there was an "Agreement to Facts" for tax year 2008-09; and (3) "Petitioner also appealed to the Department on the basis of an 'Of Interest to the Department' criteria, caused by an extraordinary circumstance has resulted in the incorrect valuation of their property." (*Id*. at 6, 7.) Plaintiff concluded its reconsideration letter, stating:

> "If the Assessor was complying with 308.330 and 311.205 he should have gone back the full amount of time allowed, six years. The Petitioner has only requested going back two years as expressed in the petition."

(*Id*. at 10.)

On February 25, 2011, the Department concluded that Plaintiff's "appeal must be denied." (*Id*. at 4.) In reaching its denial, the Department stated:

---

[1] In a footnote, Plaintiff set forth ORS 308.330.

"Over the course of the last decade at least, the department has only taken jurisdiction under the standard that a fact exist which is of interest to the department in cases where county assessors statewide were systematically valuing property contrary to a recent Oregon Supreme Court decision.  There is no indication that the facts in this case apply to more than just the particular property at issue.  Therefore it does not impact the department's **general** supervision and control over the system of property taxation **throughout the state**.

"The conference officer did express interest in the basis for the stipulated judgment for the 2008-09 tax year.  This was because there appeared to be no legal basis for the stipulation with regards to maximum assessed value.  However, the department did not object to the stipulation in a timely manner.  The department will not seek to use its authority under ORS 306.115 to reverse a judgment of the Magistrate Division of the Oregon Tax Court."[2]

(*Id*. at 4.)

Plaintiff timely appealed Department's Conference Decisions Conference Decision No. 10-0010X.

## II.  ANALYSIS

The parties filed cross-motions for summary judgment.  Summary judgment is appropriate when "the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law."  Tax Court Rule (TCR) 47 C.  The parties have stipulated to all of the facts relevant to the disposition of this case.  The court reviews the pleadings to determine who is "entitled to prevail as a matter of law."  (*Id.*)

The court's standard of review of the Department's decision made under ORS 306.115[3] is abuse of discretion.  *ADC Kentrox II v. Dept. of Rev*. (*ADC Kentrox II*), 19 OTR 340, 344 (2007).  In evaluating abuse of discretion, the court reviews the Department's decision in the

---

[2] The court disputes that Department has any statutory authority to "reverse a judgment of the Magistrate Division of the Oregon Tax Court."  (*Id*.)  *See Dept. of Rev. v. Froman*, 14 OTR 543, 547 (1999) (holding "[j]udgments issued by the magistrate division are therefore not appealable" and are final.)

[3] References to the Oregon Revised Statutes (ORS) are to year 2009.

context of whether the Department "acted capriciously or arrived at a conclusion which was clearly wrong" when it denied Plaintiff's petition requesting the assessor to reduce the subject property's real market value and maximum assessed value. *Resolution Trust Corp. v. Dept. of Rev.* (*Resolution Trust*), 13 OTR 276, 278-79 (1995) (internal quotations omitted). The court cannot "substitute its own view for the administrator's judgment" when review is statutorily given to another entity. *Rogue River Pack v. Dept. of Rev.*, 6 OTR 293, 301 (1976). In making this determination, the court is limited to the record before the Department. *Resolution Trust*, 13 OTR at 279.

ORS 306.115(3) states that the department may order changes to the assessor's rolls for the current tax year and the two preceding tax years "at its discretion." The Department may adopt rules "to regulate its own procedure." ORS 305.100. Oregon Administrative Rule (OAR) 150-306.115 states the standard the Department uses in exercising its discretion under ORS 306.115. Plaintiff does not challenge the validity of this rule.

OAR 150-306.115 states that the Department will deny a petition under ORS 306.115, unless the department determines that there is an error in the tax roll. OAR 150-306.115(5)(a). This requirement must be met for each tax year that a taxpayer seeks to have the tax roll corrected. OAR 150-306.115(5). First, before the Department undertakes to determine whether an error *actually* occurred in a particular tax year, the Department determines whether an error *likely* occurred in that tax year. OAR 150-306.115(3); *see also Ghazi-Moghaddam v. Dept. of Rev.* (*Ghazi-Moghaddam*), TC No. 4968 (June 21, 2011). "If the department does not find that an error is likely, the department will deny the petition. The department will determine that an error is likely if, among other things, the parties to the petition agree to facts that indicate that an error is likely." *Ghazi-Moghaddam*, TC NO 4968 at 7 (citations omitted).

Plaintiff's request for a change in the 2007-08 real market value and maximum assessed value of the subject property is premised on the parties' stipulated agreement for the subsequent year, 2008-09. Plaintiff alleges that because the Department expressed an interest in the subject property's stipulated 2008-09 maximum assessed value, the Department has an interest in the subject property's 2007-08 real market value and maximum assessed value. In its Conference Decision No. 10-0010 and No. 10-0010X, Department concluded that "even if the stipulated judgment reflects an agreement between the parties that an error existed on the 2008-09 tax roll, there was no agreement by the parties as to the legal basis for that conclusion, or how it would affect the previous tax year [2007-08, the year before the court]." (Def's Ex A-3.)

Discussing the significance of stipulated agreements, this court recently concluded that the parties' stipulated agreement as to the real market value for one year is not "conclusive on the question of whether an error existed on the roll" for a prior or subsequent year. *ADC Kentrox II*, 19 OTR at 348. The court distinguished its holding in an earlier case, *Thomas Creek Lumber & Log Co. v. Dept. of Rev.* (*Thomas Creek*), 19 OTR 103 (2006). The court recited one critical fact: in *Thomas Creek*, the parties agreed that the department had offered to stipulate to a lower value for the *tax year in question*. *Thomas Creek*, 19 OTR at 106. Based on that fact, the court held that the department's proposed stipulation for the tax year at issue "was alone enough" to indicate that an error on the roll was likely. *ADC Kentrox II*, 19 OTR at 348 (citing *Thomas Creek*, 19 OTR at 108).

In *ADC Kentrox II*, the department lowered the roll value on the subject property for the 2000-2001 tax year. That taxpayer, like Plaintiff, argued that the existence of the agreed-upon lower value in a subsequent year is sufficient to indicate a likely error in the value for the tax year before the court. *Id*. at 344. Unlike *Thomas Creek*, however, the department in the *ADC*

*Kentrox II* case agreed to lower the value for the subsequent tax year to the tax year at issue. The court held that "the lower 2000-2001 roll value is not conclusive on the question of whether an error existed on the roll for 1999-2000." *Id.* at 348. Plaintiff's allegation that the parties agreed to facts for the tax year before the court when they stipulated to values for a subsequent year is disputed by Defendant and not supported by the court's holding in *ADC Kentrox II*.

Plaintiff puts forth an alternate allegation that the Department's Conference Decision erred in concluding that its petition was without merit "on the basis of an 'Of Interest to the Department' criteria, caused by an extraordinary circumstance * * * [that] resulted in the incorrect valuation of their property." (Def's Ex A-7.) ORS 306.115(3) reads, in pertinent part:

> "The department may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if the for the year to which the change or correct is applicable the department discovers reason to correct the roll which, in its discretion, it deems necessary to conform the roll to applicable law without regards to any failure to exercise a right of appeal."

The Department "retains a wide degree of discretion under OAR 150-306.115(3)(b)(A)(i)(IV) to correct errors in the roll when 'a question of fact exists which is of interest to the department, does not fall within any other provision of ORS 306.115 or this rule and does not involve an error in valuation judgment.' " *ADC Kentrox v. Department of Revenue (ADC Kentrox I),* 19 OTR 91, 97-98 (2007).

Plaintiff's allegation fails on two grounds. First, Department has discretion to determine if "a question of fact exists which is of interest to the department." OAR 150-306.115(3)(b)(A)(i)(IV)   In its two Conference Decisions, Department concluded that there was no "reason to correct the roll" because the "facts of this case are specific to the subject property and will not impact the department's overall supervision of the property tax system." (Def's Ex A-4, 26.) In *ADC Kentrox I*, the court concluded that "it should now be beyond any doubt that

the department's decisions under ORS 306.115 remain discretionary despite the department's adoption of OAR 150-306.115." *ADC Kentrox I*, 19 OTR at 98. Plaintiff put forth no evidence that the Department abused its discretion in determining that it discovered no reason "to conform the roll to applicable law without regard to any failure [by Plaintiff] to exercise a right of appeal." ORS 306.115(3).

Second, Plaintiff's argument is premised on a valuation error arising from an "extraordinary circumstance." (Def's Ex A-6, 7.) In reviewing Department's administrative review process when exercising its supervisory authority, this court has concluded that "[w]hen considering petitions filed under ORS 306.115, the department is not concerned with adjudicating property values as if on appeal so much as it is with overseeing the entire property tax system in this state." *ADC Kentrox I*, 19 OTR at 101. The court noted that ORS 306.115 "is not a second bite at the apple of tax appeals for those who fail to timely file an appeal in the first instance." *Id*. Plaintiff's failure to appeal a valuation error does not fall within OAR 150-306.115(3)(b)(A)(i)(IV).

### III. CONCLUSION

After careful review of the pleadings, the court concludes that Plaintiff failed to carry its burden of proof that the Department abused its discretion in concluding that the parties agreed to facts that indicated an error likely existed on the 2007-08 tax roll and a question of fact was raised that was of interest to the Department. Now, therefore,

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ____ day of January 2012.


_____
JILL A. TANNER
PRESIDING MAGISTRATE


*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on January 11, 2012. The Court filed and entered this document on January 11, 2012.*