IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

NEW BEGINNINGS CHRISTIAN  )
CENTER, INC.,  )
  )
            Plaintiff,  )  TC-MD 130347D
  )
      v.  )
  )
MULTNOMAH COUNTY ASSESSOR,  )
  )
            Defendant.  )  **FINAL DECISION**

The court entered its Decision in the above-entitled matter on December 17, 2013. The

court did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14

days after its Decision was entered. The court's Final Decision incorporates its Decision without

change.

Plaintiff appeals Defendant's notice dated March 29, 2013, disqualifying Plaintiff's

property identified as Account R531555 (subject property) from tax exemption for tax years

2007-08 through 2012-13. The parties submitted cross-motions for summary judgment, and oral

argument was held via telephone on November 4, 2013. Robert Manicke, attorney, appeared on

behalf of Plaintiff. Lindsay Kandra, Assistant County Attorney, appeared on behalf of

Defendant.

I. STATEMENT OF FACTS

There is no material dispute of fact. The subject property is one of two adjacent

properties owned by Plaintiff, (Stip Facts at 1, ¶ 1.) The subject property is "an approximately

two-acre, grass-covered lot without any buildings that fronts Sandy Boulevard." (*Id*.) In one

corner of the subject property is a "large, lighted sign with an electronic reader board that

displays church announcements." (*Id*. at 2, ¶ 1.) Plaintiff's church building, located on the

adjacent parcel, "is visible from Sandy Boulevard, looking across the [subject property]." (*Id*.)

Plaintiff "applied for and obtained exemption from property tax" for the subject property in

March 2006. (*Id*. at 2, ¶ 2.)

Defendant disqualified the subject property from exemption after Plaintiff failed to

respond to Defendant's inquiries about the subject property's use. (*Id*. at 2, ¶ 6.) During a site

inspection on November 7, 2012, "a person at the church" informed Defendant that the subject

property was not being used. (*Id*., ¶ 4.) Defendant followed up with telephone calls to Plaintiff

on November 8, 2013, and January 9, 2013, and mailed Plaintiff notice of a show cause hearing

on March 8, 2013. (*Id*., ¶¶ 4-6.) Plaintiff did not respond to Defendant's communications. (*Id*.)

Defendant mailed its notice of disqualification (notice) on March 29, 2013. (*Id*., ¶ 6; Ptf's First

Am Compl at 2.)

Plaintiff subsequently contacted Defendant and submitted an "application for

exemption," explaining the subject property's use. (*See* Stip Facts at 2-3, ¶¶ 7, 8.) After

reviewing the application and accompanying documents, "[D]efendant does not contest that

[P]laintiff used the [subject property] exclusively for exempt purposes described in ORS 307.140

during the tax years at issue[.]" (*Id*. at 3, ¶ 8.) Defendant agreed to reinstate the subject

property's tax exemption and cancel its assessment for the years at issue if Plaintiff paid "a late

filing fee, pursuant to ORS 307.162, of $3,637.98 * * *." (*Id*. at 3, ¶ 9.)

## II. ANALYSIS

The issue before the court is whether Plaintiff must pay a late filing fee to reinstate the

subject property's tax exemption. Plaintiff moves the court to grant its Motion for Summary

Judgment by ordering Defendant to reinstate the subject property's tax exemption without paying

a late filing fee. Defendant moves the court to grant its Motion for Summary Judgment,

"sustaining the act of the Assessor and dismissing Plaintiff's claim for relief." (Def's Mot for Summ J at 1.)

A.     *Summary judgment*

Summary judgment is governed by Tax Court Rule (TCR) 47 C[1], which states in part:

"The court shall grant the motion if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."

B.     *Scope of review – review of omitted property assessments*

The parties' pleadings raise the question of whether this court reviews omitted property assessments *de novo*, (ORS 305.425) or limits its review to abuse of discretion. This court stated that the appropriate standard of review is found in statutes governing the actions taken. *ADC Kentrox v. Dept of Rev*. (*ADC Kentrox*), 19 OTR 91, 93 (2006).

ORS 311.216 "requires the assessor to assess taxable property when, for 'any cause,' that property has been omitted from assessment and taxation." *See Freightliner Corp. v. Dept. of Rev.*, 275 Or 13, 21, 549 P2d 662 (1976). Persons aggrieved by an assessor's addition of omitted property to the tax roll are entitled to appeal to the Magistrate Division. ORS 311.223(4); ORS 305.501(1).[2]

"In interpreting a statute, the court's task is to discern the intent of the legislature." *PGE v. Bureau of Labor and Industries* (*PGE*), 317 Or 606, 610, 859 P2d 1143 (1993); ORS 174.020. Legislative intent is determined first from the text and context of the statute.

_____

[1] TCR 47 is applicable by the preface to the Magistrate Division, Tax Court Rules, which states that "[i]f circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant."

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

*PGE*, 317 Or at 611; *State v. Gaines* (*Gaines*), 346 Or 160, 171, 206 P3d 1042 (2009). "In trying to ascertain the meaning of a statutory provision, * * * the court considers rules of construction of the statutory text that bear directly on how to read the text. Some of those rules are mandated by statute, including * * * the statutory enjoinder not to insert what has been omitted, or to omit what has been inserted.' " *PGE*, 317 Or at 611, citing ORS 174.010. "[W]ords of common usage typically should be given their plain, natural, and ordinary meaning." *Id*. "[T]he context of the statutory provision at issue * * * includes other provisions of the same statute and other related statutes * * *." *Denton and Denton*, 326 Or 236, 241, 951 P2d 693 (1998).

"[A]fter examining text and context[,]" the court may consider legislative history that "appears useful to the court's analysis." *Gaines*, 346 Or 172; *see also* ORS 174.020(3) (stating that "[a] court may limit its consideration of legislative history to the information that the parties provide to the court. A court shall give the weight to the legislative history that the court considers to be appropriate"). "If the legislature's intent remains unclear after examining text, context, and legislative history, the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty." *Gaines*, 346 Or at 172.

ORS 311.223(1) states, in pertinent part:

> "If the person or party notified as provided in ORS 311.219 does not appear or if the person or party appears and fails to show good and sufficient cause why the assessment shall not be made, the assessor shall proceed to correct the assessment or tax roll or rolls from which the property was omitted."

When a taxpayer does not appear at a show cause hearing, the assessor is required to "correct the assessment or tax roll." (*Id.*) In contrast, ORS 306.115 states:

> "(1) * * * Among other acts or orders deemed necessary by the department in exercising its supervisory powers, the department may order the correction of clerical errors, errors in valuation or the correction of any other kind of error or omission in an assessment or tax roll as provided under subsections (2) to (4) of this section."

There is an "absence in" ORS 311.223(1) "of any express grant of discretionary decision-making power like that contained in ORS 306.115(3), which specifically states that the department's decisions are to be made 'in its discretion.' " *ADC Kentrox*, 19 OTR at 96. "The text of ORS 306.115 clearly describes a discretionary decision subject to review [by the court] for abuse of discretion;" in contrast, ORS 311.223 does not authorize a discretionary decision. *Id*. at 95.

The word *correct* is defined as "to make or set right, remove the faults or errors from, amend." *Webster's Third New Int'l Dictionary* 511 (unabridged ed 2002). A correction is not merely any change but one that removes an error. The precept of ORS 311.223(1) directing assessors to "correct" the tax roll authorizes only those changes that remove errors.

ORS 311.223(4) states in pertinent part that "[a]ny person aggrieved by an assessment made under ORS 311.216 to 311.232 may appeal to the tax court within 90 days after the correction of the roll as provided in ORS 305.280 and 305.560." The court does not fulfill its statutory duty to determine if an aggrieved party prevails merely by ascertaining whether assessors acted in good faith at the time the omitted property was added to the tax roll. A good faith change to the tax roll may, in fact, introduce an error; such a change would not "correct" the roll. *See* ORS 311.223(1). In order to decide whether an assessor's addition of omitted property corrects the tax roll, the court must consider the facts and make its own determination. To do so the court looks at all evidence in the record, not just what was known to the assessor at the time of its determination. The review of Defendant's action taken pursuant to ORS 311.223(1) is *de novo*.

C.    *Qualification for tax exemption*

In its revised notice dated April 4, 2013, Defendant stated:

"In accordance with ORS 307.162(2)(i), to exempt any portion of property used by an organization, an application is required by the organization(s) within 60

days of the date of this letter along with a late filing fee that is the greater of $200.00 or one-tenth of one percent of the real market value as of the most recent assessment date of the property to which the application pertains, multiplied by the number of prior tax years for which exemption is claimed."

Defendant alleges that, because at the time the subject property was added to the tax roll, it lacked "the information necessary to justify continued exemption of the property," the property lost its exemption and Plaintiff is required to submit a new application and pay a late fee. (Def's Mot Summ J at 3.)

Defendant does not cite authority for its assertion that information is needed "to justify continued exemption" of property. To the contrary, ORS 307.140 states that "[u]pon compliance with ORS 307.162 * * * [specified] property owned or being purchased by religious organizations *shall be exempt from taxation*[.]" (Emphasis added.) It is undisputed that Plaintiff met the statutory requirements of ORS 307.162 when the subject property was granted tax exemption in 2006. Nothing in ORS 307.140 or ORS 307.162 requires religious organizations to provide additional information to assessors to "justify continued exemption."

The court has already considered and rejected the line of reasoning proposed by Defendant in the context of farm use special assessment. *See Brutke v. Marion County Assessor* (*Brutke*), TC-MD 001158D, WL 36202989 (Mar 15, 2001). *Brutke* was an appeal from a disqualification during which the plaintiffs provided additional information establishing that their property qualified for special assessment. The county assessor asked the court whether the plaintiffs needed to fulfill the conditions of the requalification statute (including an application and filing fee) before having their special assessment reinstated. The court held:

"This property is not being re-qualified. Based on the information which has now been exchanged between the parties, the property was incorrectly disqualified. The property retains its farm use special assessment. Therefore, the [requalification] statute is not applicable."

*Id*.

In the present case, as in *Brutke*, the stipulated facts support the conclusion that the subject property was incorrectly disqualified. The subject property qualified for exemption under ORS 307.140 in tax year 2006, and remained qualified throughout the years at issue. Because Plaintiff failed to respond to Defendant's information requests, Defendant lacked all the facts necessary to make a correct determination of the subject property's continued qualification for tax exemption. Defendant's addition of the subject property to the tax roll was in error.

Even though the court concludes that the addition of the subject to the tax roll was in error, the court is not holding that Defendant's actions to change the tax roll were contrary to statutory authority. Defendant relied on available information when Plaintiff failed to respond to its information requests and failed to appear at the show cause hearing. Having received information that raised doubt whether the subject property was used for qualifying purposes, and being unable to resolve that doubt without Plaintiff's cooperation, Defendant properly issued notice pursuant to ORS 311.219 of its intent to assess omitted property, and set a date for a show cause hearing. *See State ex rel NW Medical Lab v. Wilcox*, 10 OTR 181, 186 (1985) (assessor must give notice of intent to assess omitted property when in doubt whether property qualifies for exemption). When Plaintiff did not appear at the show cause hearing, Defendant was required by statute to correct the tax roll. *See* ORS 311.223(1) ("[i]f the person or party notified * * * does not appear * * * the assessor shall proceed to correct the assessment or tax roll"). Given the information available to Defendant at that time, it changed the tax roll to reflect its determination that the subject property was no longer used for qualifying purposes. In so doing, it placed the burden on Plaintiff to appeal to this court and show that Defendant's determination was in error. The parties' Stipulation of Facts support the conclusion that the subject property continued to qualify for property tax exemption during the tax years before the court.

### III. CONCLUSION

After careful review of the pleadings, the court concludes that Defendant's addition of the subject property to the tax roll was in error because the subject property qualified for tax exemption for all years at issue. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's motion for summary judgment is granted.

IT IS FURTHER DECIDED that Defendant's motion for summary judgment is denied.

IT IS FURTHER DECIDED that Defendant shall reinstate tax exemption for the property described as Account R531555 for tax years 2007-08, 2008-09, 2009-10, 2010-11, 2011-12, and 2012-13.

IT IS FURTHER DECIDED that Defendant shall promptly refund to Plaintiff with statutory interest all property taxes paid on Account R531555 and any late filing fee paid pursuant to the subject of this appeal.

Dated this ___ day of January 2014.

JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed.*

*This Final Decision was signed by Presiding Magistrate Jill A. Tanner on January 13, 2014. The Court filed and entered this Final Decision on January 13, 2014.*