IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

ALLEN GORIN and LESLIE GORIN,    )
                                 )
            Plaintiffs,          )    TC-MD 140042N
                                 )
       v.                        )
                                 )
DEPARTMENT OF REVENUE,           )
State of Oregon,                 )
                                 )
            Defendant.           )    **FINAL DECISION OF DISMISSAL**

       The court entered its Decision of Dismissal in the above-entitled matter on June 30, 2014.

The court did not receive a request for an award of costs and disbursements (TCR-MD 19)

within 14 days after its Decision of Dismissal was entered.  The court's Final Decision of

Dismissal incorporates its Decision of Dismissal without change.

       This matter is before the court on Defendant's Motion to Dismiss (Motion) filed

March 7, 2014, requesting that the court dismiss Plaintiffs' Complaint appealing Defendant's

denial of Plaintiffs' request for waiver of penalties and interest for the 2000 through 2010 tax

years.  (Def's Mot at 1.)  Pursuant to Tax Court Rule-Magistrate Division (TCR-MD) 6,

Defendant filed a Motion to Dismiss Plaintiffs' Complaint for lack of jurisdiction under ORS

305.560.  Plaintiffs filed a response on May 30, 2014, and Defendant filed a reply on June 13,

2014.  This matter is now ready for the court's determination.

I.  STATEMENT OF FACTS

       Plaintiffs were Idaho residents during all of the tax years at issue, but owned income-

producing real property in Oregon.[1]  (Def's Mot, Ex A at 1-2.)  In 2011, Plaintiffs became aware

_____

[1] The court has not held a trial in this matter.  The facts reported in this Statement of Facts are those found
by Defendant's conference officer in the conference decision or in the parties' written arguments and attached
exhibits.

FINAL DECISION OF DISMISSAL TC-MD 140042N                                                    1

of their Oregon income tax filing obligation "when they were preparing to sell one of their Oregon rental properties." (*Id.* at 2.) Soon after Plaintiffs discovered their filing obligation, Plaintiffs "filed Oregon [state personal income] tax returns for the years [2000] through 2010 in May 2012." (Def's Mot, Ex A at 2.) "[B]ecause Plaintiffs did not timely file their 2000 through 2010 Oregon state personal income tax returns[,]" Defendant imposed the following penalties and interest on the Plaintiffs: (1) the penalty under Oregon Revised Statute (ORS) 305.992(1) for failure to file Oregon state returns for three consecutive years; (2) the penalty under Senate Bill (SB) 880 (2009), or Oregon Laws 2009, chapter 710, section 4, for failure to participate in the 2009 tax amnesty program;[2] and (3) interest under ORS 305.220. (Def's Mem at 3-5.) After Plaintiffs paid their tax debt and penalties, Plaintiffs requested Defendant waive the penalties and interest that were imposed because they believed their failure to file Oregon income tax returns was "due to circumstances beyond their control[.]" (Def's Mot, Ex A at 1.)

Defendant's conference officer found that Plaintiffs engaged a California-licensed tax professional to prepare their personal income tax returns during the tax years at issue and that they "first told [their tax professional] about the Oregon properties in 1993 when [they] sent him a closing statement." (Ptfs' Compl at 3.) After considering Plaintiffs' waiver request, Defendant waived 70 percent of the 100 percent failure-to-file penalty for tax years 2000 through 2010. (Ptfs' Compl at 2.) Defendant did not waive either the 25 percent post-amnesty penalty or the interest. (*Id.* at 2,5.) Plaintiffs do not allege that the penalties and interest at issue were assessed in error, but rather, that Defendant's refusal to waive penalties and interest under OAR 150-305.145(4) was in error. (Def's Mot, Ex A at 1-2; *see* Ptfs' Resp at 3.) Plaintiffs ask the court to

---

[2] Although passed by the legislature and signed into law by the governor, the text of SB 880 was never made a permanent part of the ORS. The relevant provisions of SB 880 are found in Chapter 314 of the 2009 edition of the ORS, following the text of ORS 314.469.

review Defendant's decision denying Plaintiffs' request to waive the remaining 30 percent of the failure-to-file penalty, the post-amnesty penalty, and interest.  (*See* Ptfs' Resp at 3.)

The court held an initial case management conference by telephone on April 22, 2014. At that proceeding, the parties discussed Defendant's Motion.  Plaintiffs confirmed that they do not challenge Defendant's statutory authority to assess the penalties and interest.  Plaintiffs contest Defendant's refusal to waive the penalties and interest imposed on Plaintiffs.  (*See* Ptfs' Compl at 3; *see also* Def's Mot at 1.)

## II.  ANALYSIS

The issue before the court is whether Plaintiffs may appeal to this court Defendant's denial of Plaintiffs' request for waiver of penalties imposed under ORS 305.992 and Or Laws 2009, chapter 710, section 4, and interest imposed under ORS 305.220.[3]

A.      *Taxpayers' Statutory Right to Appeal to the Oregon Tax Court.*

ORS 305.560(1)(a) allows an appeal to be taken to this court under ORS 305.275, subject to an exception that prohibits a taxpayer from appealing to this court from an order denying the discretionary waiver of penalty or interest.  ORS 305.560(1)(a) provides, in part:

> "Except for an order, or portion thereof, denying the discretionary waiver of
> penalty or interest by the Department of Revenue, an appeal under ORS 305.275
> may be taken by filing a complaint with the clerk of the Oregon Tax Court * * *."

In other words, an order denying the discretionary waiver of penalty or interest by Defendant is not appealable to this court.  *See Pelett v. Dept. of Rev.* (*Pelett*), 11 OTR 364, 365 (1990).  The court in *Pelett* noted that ORS 305.560(1)(a) imposes limits on this court's jurisdiction and held that "[t]he clear import of [the statutory] language is that the legislature did not intend this court to review defendant's discretion in waiving penalties or interest."  *Id.* at 366 (internal footnote

---

[3] The court's references to the ORS are to 2011, except when otherwise noted.

omitted). The court clarified that it has the authority to review whether a penalty was correctly imposed, but not whether Defendant should have waived the penalty. *Id.* at 365.

Consistent with the holding in *Pelett*, this court has reviewed whether penalties and interest were properly imposed, but has declined to review whether Defendant should have waived discretionary penalties and interest. *See Kim v. Dept. of Rev.*, TC-MD No 041019C at 2 (Jun 30, 2005) (taxpayers appealed the validity of the interest charged but not whether Defendant should have denied the waiver of the interest); *DeFrank v. Dept. of Rev.*, TC-MD No 020180C at 2-3 (Jun 12, 2002) (court reviewed whether Defendant properly imposed interest on taxpayer under ORS 316.587(1)); *Shammel v. Dept. of Rev.*, TC-MD No 120838D at 8 (Jul 31, 2013) ("court has no authority to waive the penalty").

However, the distinction between an appeal challenging the imposition of a penalty and an appeal seeking waiver of a penalty is sometimes difficult to determine. For example, the taxpayers in *Brothers v. Dept. of Rev.*, challenged both Defendant's imposition of penalties and its refusal to waive those penalties. TC-MD No 110990D at 3 (Apr 30, 2012). The taxpayers alleged "that if penalties are to be imposed, the amounts of the [p]enalties imposed by Defendant are in error." *Id*. The taxpayers in that case failed to provide sufficient evidence to prove that the substantial understatement of income penalty was incorrectly imposed. *Id.* at 11. Because the taxpayers could not establish that the substantial understatement of income penalty was incorrectly imposed, the taxpayers failed to support their claims that the post-amnesty penalty should not have been imposed or that Defendant abused its discretion in not waiving the post-amnesty penalty. *Id.* at 7, 11.

In this case, Plaintiffs do not challenge whether Defendant properly imposed or calculated the penalties or interest. Instead, Plaintiffs appeal Defendant's decision not to waive

the penalties under ORS 305.992 and Oregon Laws 2009, chapter 710, section 4, and the interest imposed under ORS 305.220. (Def's Mem at 3.) The court must determine whether Defendant's decision not to waive the penalties imposed under ORS 305.992 and Oregon Laws 2009, chapter 710, section 4, and the interest imposed under ORS 305.220 was an order "denying the discretionary waiver of penalty or interest" under ORS 305.560(1)(a). In other words, the court must determine whether Defendant's authority to waive the penalties and interest imposed in this case is "discretionary" within the meaning of ORS 305.560(1)(a).

B.      *Whether Defendant's Decision Not to Waive Penalties and Interest is Discretionary*

      1.      Defendant's Authority Under ORS 305.145(3) and (4)

In support of their waiver request, Plaintiffs rely on ORS 305.145(3) and (4) and the administrative rule, OAR 150-305.145, promulgated pursuant to ORS 305.145(4).[4] Under ORS 305.145(3) and subject to additional requirements listed in that statute, Defendant "may, *in its discretion*, * * * waive, reduce or compromise any tax balance of $50 or less or any part or all of the interest * * *." (Emphasis added.) Under ORS 305.145(4), Defendant "may establish by rule instances in which the department may, *in its discretion*, waive any part or all of penalties provided by the laws of the State of Oregon that are collected by the department." (Emphasis added.) The language "in its discretion" in ORS 305.145(3) and (4) constitutes an "express grant of discretionary decision-making power" given to Defendant. *See ADC Kentrox v. Dept. of Rev.*, 19 OTR 91, 96 (2006). Thus, Defendant's authority to waive interest and penalties under ORS 305.145(3) and (4) is discretionary.

/ / /

/ / /

_____

[4] References to the Oregon Administrative Rules (OAR) are to the rules in effect in 2012.

ORS 305.145(4) provides Defendant with broad discretion, but not every penalty is subject to waiver under the provisions of ORS 305.145(4).[5] Under OAR 150-305.145(1), which was promulgated pursuant to Defendant's authority under ORS 305.145(4), a taxpayer may request that Defendant waive, reduce, or cancel a penalty "imposed by Oregon law in certain cases." If Defendant denies the taxpayer's request, the rule entitles the taxpayer to request a conference with Defendant. OAR 150-305.145(2). The rule provides that "[i]f the conference results in a denial of the waiver request, that decision is final and may not be appealed to the Oregon Tax Court." *Id.* By contrast, subsection (3) of OAR 150-305.145 authorizes a taxpayer to appeal the decision by Defendant to this court, "[i]f a taxpayer believes the * * * penalties were incorrectly imposed or calculated[.]" The distinction between OAR 150-305.145(2) and (3) is consistent with this court's ruling in *Pelett*.

2.      Whether Waiver of the Failure-to-File Penalty is Discretionary

ORS 305.992(1) states, in part:

> "If any returns required to be filed under ORS chapter * * * 316, * * * are not filed for three consecutive years by the due date (including extensions) of the return required for the third consecutive year, there shall be a penalty for each year of 100 percent of the tax liability determined after credits and prepayments for each such year."

ORS 305.992 does not include explicit language regarding waiver of the penalty. OAR 150-305.145(4)(3)(a) identifies the penalty imposed under ORS 305.992 as one which may be subject to waiver under ORS 305.145(4) and the administrative rule. The court determined above that Defendant's authority to waive penalties under ORS 304.145(4) is discretionary. Thus, Defendant's decision denying Plaintiffs' request to waive the failure-to-file penalty under ORS 305.992 constitutes an order denying the discretionary waiver of penalty within the

---

[5] OAR 150-305.145(4)(3)(a) identifies which penalties are eligible for waiver, including the penalty imposed under ORS 305.992.

meaning of ORS 305.560(1)(a). Defendant's denial of Plaintiffs' request to waive the penalty imposed under ORS 305.992 is not, therefore, appealable to this court.

3.      Whether Waiver of the Interest Imposed is Discretionary

ORS 305.220(1) provides, in part:

"* * * every deficiency or delinquency arising under any law administered by the Department of Revenue shall bear simple interest at the rate of five-sixths of one percent per month or fraction thereof."

Similar to the failure-to-file penalty under ORS 305.992, the statute that imposes interest on a taxpayer does not include explicit language governing Defendant's authority to waive interest. Further, under ORS 305.145(3), Defendant has explicit authority to "* * * waive, reduce or compromise any tax balance of $50 or less or any part or all of the interest * * *" in its discretion. Thus, ORS 305.145(3) gives Defendant discretion to waive interest. The court concludes that Defendant's decision to deny Plaintiffs' request to waive interest under ORS 305.220 is an order denying the discretionary waiver of interest within the meaning of ORS 305.560(1)(a) and Plaintiffs may not appeal that decision to this court.

4.      Whether Waiver of the Post-Amnesty Penalty Imposed is Discretionary

In 2009, Oregon created a temporary tax amnesty program to be conducted from October 1, 2009, through November 19, 2009. Or Laws 2009, ch 710, § 1. Under that legislation, SB 880, taxpayers who were eligible for the tax amnesty program but failed to participate would be assessed an additional 25 percent penalty. It provides, in part:

"An amount equal to 25 percent of the total amount of unpaid tax that is otherwise due is added to the amount of outstanding tax liability for any tax year or reporting period for which amnesty could be sought * * * and for which the taxpayer failed to apply for amnesty and * * * failed to file a return or report[.]"

Or Laws 2009, ch 710, § 4. "The post-amnesty penalty is required by the terms of SB 880 (2009)." *Hillenga v. Dept. of Rev.*, __ OTR __ (May 15, 2014) (slip op at 30). "Taxpayers who

were eligible for the amnesty but who failed to apply and either (a) failed to file a return for one of the years subject to the amnesty; or (b) filed a return for a year subject to the amnesty, but failed to report or underreported tax liability for such year, were to be punished by the addition of a penalty amounting to 25 percent of their total tax liability for the year in question." *Id.*, citing SB 880 § 4.

OAR 150-305.100-(C)(7)(a) indicates that Defendant "will impose the post amnesty penalty on the total amount of unpaid tax for any tax year" in which the taxpayer "failed to file an application and amnesty return" and "could be subject to a penalty for one or more of the following (whether or not the penalty is actually imposed)," including the failure to file penalty under ORS 305.992. The court concludes that Defendant's imposition of the post-amnesty penalty complied with SB 880 and OAR 150-305.100-(C)(7)(a) because Plaintiffs failed to file Oregon personal income tax returns and failed to participate in the tax amnesty program.

Although the plain language of SB 880 and OAR 150-305.100-(C)(7)(a) applies to Plaintiffs, the court questions whether the legislature intended the post-amnesty penalty be applied in this case based on the legislative history of SB 880.[6] During a work session in which the −A11 amendment was considered and adopted by the Joint SubCommittee on General Government,[7] the legislators discussed the purpose of the tax amnesty program and when the post-amnesty penalty should be imposed. Senator Ginny Burdick stated,

> "It is the very clear intent of the Department of Revenue and it is my clear intent as chair of the senate finance and revenue committee to have the 25 percent penalty - the stick if you will after the carrot of the amnesty * * * levied only in cases where there is some kind of willful intent, some kind of knowing failure to file the appropriate amendments or to file a return at all. The Department of

___

[6] "[A]fter examining text and context," the court may consider legislative history that "appears useful to the court's analysis." *State v. Gaines*, 346 Or 160, 17, 206 P3d 1042 (2009); *see also* ORS 174.020(3).

[7] The Joint SubCommittee on General Government is a subcommittee of the Joint Committee on Ways and Means.

Revenue has no intention of issuing that 25 percent penalty for corporate or individuals in cases where an insufficiency results from a simple oversight. * * * And it was never the Department of Revenue's intent to issue * * * the post amnesty penalty in those cases, but they will have the option to issue those penalties for more serious violations, whether they come through the IRS or from the multi-state tax commission audits. Either way, * * * only the serious violations will incur penalties."

Audio Recording, Subcommittee on General Government, SB 880, Jun 16, 2009 at 7:19.[8]

Senator Betsy Johnson questioned whether that intent should be reflected using a term such as "willful" or "intentional," to which Senator Burdick responded that such terms are vague and subjective. *Id.* at 8:53. Senator Johnson responded that she had believed

"that the whole idea of an amnesty program was to provide a safe harbor for scofflaws who had not filed and that the idea was to give them an opportunity to come in and set things right and that it was not a net to try to catch lawful filers who maybe have made an inadvertent error."

*Id.* at 11:10. Senator Burdick concurred, stating,

"The intent here is to encourage people to participate in the amnesty program because of some bigger penalty at the end of the program if they fail to participate. These are people [] in some cases who have elected not to file their taxes. And so the 25 percent penalty is aimed at people who are [] intentionally not doing what they know they should do."

*Id.* at 12:36. Elizabeth Harchenko (Harchenko), Director of the Department of Revenue, responded to the concerns of the subcommittee members, stating,

"In terms of the intent, what I understand is that you're not wanting to catch unintentional, inadvertent, honest mistakes. Sometimes we might not recognize one of those because what we're looking at is a tax return and we're not psychologists, but we will do our very best to honor that intent."

*Id.* at 33:30.

/ / /

---

[8] Legislative audio from the June 16, 2009, work session of the Joint SubCommittee on General Government is available at: https://olis.leg.state.or.us/liz/2009R1/Committees/JWMGG/2009-06-16-08-30/SB880/Details.

The result of the work session was inclusion in SB 880 of an exception to the imposition of the post amnesty penalty for "any additional tax liability that results from an adjustment made to a return by the Internal Revenue Service, unless the service has finally imposed a penalty under sections 6662, 6662A, 6663 or 7201 of the Internal Revenue Code." Or Laws 2009, ch 710, § 4. During the work session, Harchenko explained that "the penalty under the -A11 amendments would be limited to * * * abusive tax avoidance transaction, fraud, substantial understatement, that sort of very serious type of behavior and the IRS would have had to already make this determination [] whether under their standards those penalties are applicable." Audio Recording, Joint SubCommittee on General Government, SB 880, Jun 16, 2009 at 28:10.[9]

Failing to file Oregon personal income tax returns is not an insignificant or minor violation of the Oregon tax laws. However, if the purpose of the amnesty program was to encourage compliance with Oregon tax laws by individual and corporate taxpayers that *intentionally* failed to file income tax returns or *intentionally* underreported their income, the court questions whether that purpose is served by imposing the post-amnesty penalty on Plaintiffs in this case. Although Plaintiffs failed to file Oregon income tax returns, the conference decision in this case includes no finding that Plaintiffs' failure to file was intentional or willful. Ultimately, the question of whether Plaintiffs acted intentionally or willfully does not change the outcome of this case because, although the legislative subcommittee discussed the topic at length, it did not include a provision in SB 880 requiring Defendant to find that a taxpayer acted intentionally or willfully before the post-amnesty penalty could be imposed. Rather, the legislature left waiver of the post-amnesty penalty to Defendant's discretion.

/ / /

---

[9] Legislative audio from the June 16, 2009, work session of the Subcommittee on General Government is available at: https://olis.leg.state.or.us/liz/2009R1/Committees/JWMGG/2009-06-16-08-30/SB880/Details.

The legislature did not include explicit language addressing waiver of the post-amnesty penalty in SB 880. Although the legislature did not indicate by statute any circumstances in which Defendant may or must waive the post-amnesty penalty, Defendant has general authority under ORS 305.145(4) to waive penalties provided by the laws of the State of Oregon. Defendant promulgated a rule, OAR 150-305.100-(C)(7)(d), which states that it "may waive the post amnesty penalty if the taxpayer demonstrates, to the department's satisfaction, that the failure to participate in the amnesty program was due to circumstances beyond their control." Because Defendant's statutory authority to waive the post-amnesty penalty is pursuant to ORS 305.145(4), waiver of the post-amnesty penalty is within Defendant's discretion. Therefore, Defendant's denial of Plaintiffs' request for waiver of the post-amnesty penalty is an order "denying the discretionary waiver of penalty" within the meaning of ORS 305.560(1)(a) and may not be appealed to this court.

### III. CONCLUSION

After careful consideration, the court concludes that Defendant's authority to waive the penalties under ORS 305.992 and Oregon Laws 2009, chapter 710, section 4, and the interest under ORS 305.220 is discretionary. Defendant's decision denying Plaintiffs' request for waiver of penalties and interest is an order "denying the discretionary waiver of penalty or interest" within the meaning of ORS 305.560(1)(a) and may not be appealed to this court. Now, therefore,

/ / /

/ / /

/ / /

/ / /

IT IS DECIDED that Defendant's Motion to Dismiss is granted. Plaintiffs' Complaint is dismissed.

Dated this ___ day of July 2014.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Allison R. Boomer on July 17, 2014. The court filed and entered this document on July 17, 2014.*